PHILIP J. AZZARA, SBN 239126
Email: pazzara@fisherphillips.com
Lisa L. Peterson, SBN 292798
E-Mail: lpeterson@fisherphillips.com
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

Attorneys for Defendant
CORE-MARK INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIA AVILA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CORE-MARK INTERNATIONAL, INC., a corporate entity form unknown; and DOES 1-50 inclusive,<br><br>Defendants. | CASE NO.:<br><br>*[Removed from Los Angeles Superior Court Case No. 20STCV40830]*<br><br>**DEFENDANT CORE-MARK INTERNATIONAL, INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332 AND 1441**<br><br>Complaint Filed: October 23, 2020<br>Trial Date: None Set |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF OLIVIA AVILA AND HER RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Defendant CORE-MARK INTERNATIONAL, INC. ("Core-Mark") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California. This removal is based on diversity of citizenship, pursuant to 28 U.S.C. §§ 1332 and 1441(b). Core-

Mark hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a). Core-Mark will provide evidence to support the allegations of this pleading as required in response to any challenged to the Court's jurisdiction.[1]

## I.

## VENUE

1. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Central District of California is the federal judicial district embracing the Superior Court in Los Angeles County, California in which the State Court action was originally filed.

## II.

## SERVICE ON THE STATE COURT

2. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, and a copy of the Notice of Removal will be filed with the Clerk of the Los Angeles County Superior Court.

3. Likewise, proof of service of Core-Mark's Notice to Superior Court and to Adverse Party of Removal to the United States District Court for the Central District of California will be filed with this Court immediately.

/ / /

/ / /

---

[1] A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014). *See also Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a 'short and plain statement of the grounds for removal.' Moreover, we have observed that 'it is clearly appropriate for the district courts, in their discretion, to accept certain post-removal [evidence] as determinative of the [jurisdictional requirements].'").

## III.
## COMPLIANCE WITH STATUTORY REQUIREMENTS

4. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings, process, and orders in the state court file are attached as exhibits to the accompanying Compendium of Exhibits ("Compendium").

## IV.
## TIMELINESS OF THE REMOVAL

5. On October 23, 2020, Plaintiff Olivia Avila ("Plaintiff") filed a Civil Cover Sheet, and Summons and Complaint in the Superior Court of the State of California for the County of Los Angeles, entitled *OLIVIA AVILA, an individual, v. CORE-MARK INTERNATIONAL, INC., a corporate entity form unknown and DOES 1-50, Inclusive,* Case No. 20STCV40830 (hereinafter "Complaint"). *See* Declaration of Philip J. Azzara ("Azzara Decl."), at ¶2, filed concurrently herewith; Exhibit A.

6. The Complaint alleges nine causes of action against Defendant Core-Mark: (1) Discrimination in Violation of Gov. Code §12940 et seq.; (2) Age Discrimination in Violation of Gov. Code §12940 et seq.; (3) Failure to Accommodate in Violation of Gov. Code §12940(m); (4) Failure to Engage in Interactive Process in Violation of Gov. Code §12940(n); (5) Failure to Prevent Discrimination in Violation of Gov. Code §12940(k); (6) Retaliation in Violation of Gov. Code 12940(h); (7) Wrongful Termination; 98) Meal and Rest Break Violations of Labor Code §226.7; and (9) Violation of Business & Professions Code §17200 et seq. Azzara Decl., at ¶3; Exhibit A.

7. Core-Mark is the only named defendant in the Complaint, in addition to Does 1 through 50, inclusive. Does 1 through 50 are unnamed and unknown, and therefore have not been served with Plaintiff's Summons and Complaint. Azzara Decl., at ¶ 10.

8. On December 15, 2020, Core-Mark filed an Answer to the Complaint

asserting general denials and affirmative defenses. Azzara Decl., at ¶ 5; Exhibit F.

9. On December 15, 2020, Core-Mark served Form Interrogatories – Set One, Employment upon Plaintiff, among other written discovery requests. Azzara Decl., at ¶ 6.

10. On March 19, 2021, Plaintiff electronically served her responses to Core-Mark's Form Interrogatories – Set one, Employment, along with responses to the other written discovery requests, confirming for the first time that Plaintiff claims general damages, consequential damages, compensatory damages, special damages, exemplary damages, punitive damages, and attorney's fees in excess of $75,000.00 in this action. Azzara Decl., at ¶ 7; Exhibit 2.

11. This Notice of Removal is brought less than one (1) year from the filing of Plaintiff's Complaint and is therefore permitted pursuant to 28 U.S.C. section 1446(c)(1) which states, in relevant part: "(a) case may not be removed…on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action."

12. Further, this Notice of Removal is brought less than thirty (30) days after Core-Mark first ascertained that the case is one which is or has become removable; specifically, this Notice of Removal was filed within thirty (30) days of Core-Mark's receipt of Plaintiff's responses to Form Interrogatories – Set One, Employment, which for the first time stated that the amount in controversy in this action exceeded $75,000.00, and is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

## V.

## REMOVAL IS BASED ON DIVERSITY JURISDICTION

13. This action, and the alleged nine (9) causes of action contained in the Complaint, may be properly removed on the basis of diversity of citizenship jurisdiction, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

28 U.S.C. §§ 1332(a), 1441(a) and (b).

### A. There Is Diversity of Citizenship Between Plaintiff and Core-Mark

14. Based upon information and belief, Plaintiff is now, and was at the time this action was commenced, a citizen of the state of California within the meaning of 28 U.S.C. section 1332(a), because her place of residence and domicile is and was within the state of California. Azzara Decl., at ¶ 10; Exhibit 3.

15. Defendant Core-Mark is now, and was at the time this action was commenced, a citizen of the state of Delaware, within the meaning of 28 U.S.C. section 1332(c)(1). Core-Mark, at all material times, has been incorporated under the laws of the state of Delaware and has, at all materials times, maintained its principal place of business and headquarters in the State of Texas. Specifically, Core-Mark is incorporated in the state of Delaware as file number 2484265, and Core-Mark's corporate headquarters and principal place of business is 1500 Solana Boulevard Building 3, Suite 3400, Westlake, Texas 76262. *See* Declaration of Ali Marciano ("Marciano Decl."), at ¶2; filed concurrently herewith. Accordingly, Core-Mark is a citizen of the states of Delaware and Texas.

16. Therefore, Plaintiff and Core-Mark are citizens of different states for purposes of diversity jurisdiction. 28 U.S.C. 1332(a)(1); *see Hertz Corp v. Friend,* 559 U.S. 77, 78-79 (2010). Doe Defendants 1 through 50 are not identified, have not been served, and are not considered for purposes of diversity jurisdiction. *See* 28 U.S.C. §1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

### B. The Amount In Controversy Exceeds $75,000.00

17. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

18. In assessing the amount in controversy for diversity jurisdiction purposes, a court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *See Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002) (quoting *Jackson v. American Bankers Insurance Co.*, 976 F. Supp. 1450, 1454 (S.D. Alabama 1997)). The inquiry is what amount is put in controversy by the plaintiff's complaint, not what the amount of a defendant's liability (if any) will ultimately be.

19. The status of the parties' citizenship and the amount in controversy can be determined from the complaint or from other sources. *See Kanter v. Warner-Lambert Co.* 265 F.3d 853, 857 (9th Cir. 2001) (examining complaint and notice of removal for citizenship determination); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the facts of the complaint.").

20. In determining whether a complaint meets the $75,000.00 threshold detailed in 28 U.S.C. section 1332(a), a court may consider the aggregate value of claims for compensatory and punitive damages. *See e.g., Bell v. Preferred Life Society*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) ("In an amount in controversy inquiry for diversity purposes, punitive damages, where authorized, are counted toward the requirement"). In other words, the ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what the amount of a defendant's liability (if any) will ultimately be.

21. Plaintiff does not allege any specific amount in controversy in the Complaint. *See generally*, Complaint. However, on March 19, 2021, Plaintiff electronically served her responses to Core-Mark's Form Interrogatories – Set one, Employment, confirming for the first time that Plaintiff claims general damages,

consequential damages, compensatory damages, special damages, exemplary damages, punitive damages, and attorney's fees in excess of $75,000.00 in this action. Azzara Decl., at ¶7; Exhibit 2.

22. Specifically, in Plaintiff's responses to Form Interrogatories numbers 210.2 and 210.3, Plaintiff alleges she has lost income totaling $28,800 and will lose income in the future totaling $62,400, for a combined amount of $91,200 in compensatory damages alone. Azzara Decl., at ¶8; Exhibit 2.

23. Plaintiff also seeks unspecified general damages, restitution for unfair competition, punitive and exemplary damages, and attorney's fees. Azzara Decl., at ¶9; Exhibit A.

24. Accordingly, Plaintiff has placed in controversy an amount exceeding $75,000.00, exclusive of costs and interest.

25. Because Plaintiff and Core-Mark are citizens of different states, there is complete diversity between the parties. Further, because there is complete diversity and because the amount in controversy threshold is met, the requirements for removal under 28 U.S.C. sections 1332(a) and 1441(a) are satisfied.

## VI.
## CONCLUSION

WHEREFORE, Core-Mark removes the above-entitled action now pending in the Superior Court of the State of California for the County of Los Angeles to this Court.

DATE: April 15, 2021

FISHER & PHILLIPS LLP

By: *Lisa Peterson*
PHILIP J. AZZARA
LISA L. PETERSON
Attorneys for Defendant
CORE-MARK INTERNATIONAL, INC.